PORTO RICAN AMERICAN SUGAR REFINERY INC., demandante y apelada, *v.* MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, demandado y apelante.

No. 6638.—*Sometido:* Abril 5, 1934. *Resuelto:* Abril 30, 1934.

*Hon. Procurador General Benjamin J. Horton y M. Rodríguez Serra, Procurador General Auxiliar, abogados del apelante; F. Parra Capó, abogado de la apelada.*

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

La demandante, Porto Rican American Sugar Refinery Inc., dueña de una industria de refinar azúcar establecida en la ciudad de Ponce, solicita la devolución de $17,907.03 que satisfizo bajo protesta por concepto de contribuciones y que, según se alega, le fueron indebidamente cobrados. En 15 de febrero de 1925 la Sucesión de J. Serrallés, creadora de esta nueva industria, pidió que se le eximiera del pago de toda clase de contribuciones por un período de diez años. Esta solicitud, dirigida a la Comisión de Servicio Público, se presentó al amparo de la Ley No. 92 de 1917, promulgada en 1919. La exención solicitada fué concedida en 19 de enero de 1926. La Sucesión de J. Serrallés, con el objeto de separar los bienes exentos de otros que no gozaban de igual privilegio, formó una corporación doméstica, subsidiaria, con el nombre de la demandante, a la cual hizo trasmisión formal de los bienes exentos de contribución y de la franquicia que la Comisión de Servicio Público concediera a dicha sucesión. La trasmisión de la franquicia quedó formalizada en marzo de 1927, y fué aprobada por dicha Comisión de Servicio Público.

La Ley No. 92, promulgada en 1919, fué enmendada por

la Ley No. 16 de 20 de mayo de 1925 (pág. 133). La exención de contribuciones se concedió con posterioridad a la enmienda. Ambas leyes, la promulgada en 1919 y la de 1925, fueron enmendadas por la Ley No. 10, aprobada en mayo de 1927 (pág. 431).

Se alega en la demanda que de este modo quedó exenta del pago de contribuciones la industria de refinar azúcar y que no obstante el Tesorero de Puerto Rico, en 18 de mayo de 1929, requirió de pago a la demandante por la suma de $13,689.30 por concepto de contribuciones sobre ingresos correspondientes al año 1928. Estas contribuciones más los recargos, ascendentes a $14,494.92, fueron pagadas bajo protesta en la Colecturía de Rentas Internas de Ponce en 13 de marzo de 1930.

En la segunda causa de acción se alega que en 25 de abril de 1930 la Legislatura de Puerto Rico aprobó la Ley No. 40 (Leyes de ese año, pág. 315), sobre exención de contribuciones a industrias nuevas, derogando las anteriores, y que después de estar en vigor esta ley la demandante fué requerida por el Tesorero para el pago de $3,402.11, por contribuciones correspondientes al año de 1929, que fueron pagadas también bajo protesta en 3 de junio de 1930.

Celebrada la vista del caso con asistencia de ambas partes, la demandante ofreció su prueba que fué admitida. La demandada no presentó evidencia alguna. Su defensa se basa en que la demanda no aduce hechos suficientes para determinar una causa de acción. La corte inferior resolvió el caso en definitiva declarando con lugar la demanda y condenando al demandado a devolver las cantidades reclamadas, más los intereses, sin especial condenación de costas.

██ Se atribuyen a la corte inferior seis errores. Todos ellos atacan la suficiencia de la causa de acción.

La Comisión de Servicio Público, en 19 de enero de 1926, dictó su resolución eximiendo a la Sucesión J. Serrallés, durante un período de diez años, del pago de contribuciones sobre su refinería de azúcar, incluyendo la planta, los solares

ocupados por los edificios, la maquinaria, implementos, mobiliario y equipo adicional de la propiedad de dicha sucesión utilizados en su planta o factoría para la manufactura de azúcar refinada que se proponía establecer.

En la fecha en que la exención fué concedida estaba en vigor la Ley No. 16 de la Asamblea Legislativa de Puerto Rico aprobada el 20 de mayo de 1925, por la cual se enmendaba la sección 2ª. de la Ley No. 92 promulgada en marzo 31, 1919, y expresamente se disponía que las exenciones de pago de contribuciones, de acuerdo con dichas leyes, no incluían las contribuciones de ingresos.

Como hemos visto, cuatro son las leyes aprobadas por la Legislatura de Puerto Rico sobre exención de contribuciones, a saber: No. 92 de 1917, promulgada en 1919; No. 16 de 1925; No. 10 de 1927; y No. 40 de 1930.

La Ley No. 92 de 1917, promulgada en 1919, en su artículo primero, determina cuáles son las industrias o factorías que se entienden por nuevas, y en su artículo segundo dispone que dichas industrias, fábricas o factorías estarán exentas de toda clase de contribuciones durante un período que no exceda de diez años, como se determine por la Comisión de Servicio Público, cuyo término se contará desde la completa instalación de la fábrica o factoría. Éstas son todas las disposiciones de la ley promulgada en 1919. Se alega que la misma era una ley inexistente en la fecha en que se concedió la exención de contribuciones a la Sucesión de J. Serrallés. Ésta es una de las leyes que han sido consideradas nulas en virtud de una decisión de la Corte de Circuito de Boston. En 4 de mayo de 1931, la Legislatura aprobó una ley (No. 74, Leyes de 1931, pág. 463) declarando válidos todos los actos y actuaciones de los funcionarios, junta de gobierno y empleados del Pueblo de Puerto Rico llevados a cabo con ocasión a las leyes y resoluciones conjuntas que fueron promulgadas por el Secretario Ejecutivo de Puerto Rico en virtud de la sentencia dictada por esta Corte Suprema en 11 de marzo de 1919, y que en alguna

forma no hayan sido impugnadas ante las cortes de justicia antes de ahora.

La Comisión de Servicio Público dictó su resolución de 15 de febrero de 1925 en virtud de la solicitud presentada por la Sucesión de J. Serrallés. Ésta es una actuación de un organismo del gobierno que a nuestro juicio ha quedado convalidada por la ley de 1931.

El artículo 2º. de la ley de 1917, promulgada en 1919, tal y como fué enmendado en 1925, dice así:

"Dichas industrias, fábricas o factorias estarán exentas de toda clase de contribuciones durante un período que no exceda de diez años, como se determine por la Comisión de Servicio Público, cuyo término se contará desde la completa instalación de la fábrica o factoría; *Disponiéndose*, que cuando la nueva industria consistiere en someter a un nuevo proceso de purificación o refinación un producto elaborado en el país, la exención de contribución no comprenderá a dicho producto elaborado ni a los aparatos y establecimientos empleados para obtenerlo y se extenderá únicamente al nuevo proceso de refinación y purificación y a sus aparatos, establecimientos y productos; *Y disponiéndose, además,* que tal exención no comprenderá las contribuciones sobre ingresos (*income tax*) que deban imponerse de acuerdo con la ley."

Aquí tenemos a la Legislatura, seis años después de aprobada la ley original sobre exención de contribuciones a ciertas industrias, enmendando su artículo segundo y declarando que la exención no comprenderá las contribuciones sobre ingresos.

En 1927 el Gobernador de Puerto Rico, en su mensaje dirigido a la Legislatura, hizo la siguiente recomendación:

"EXENCIÓN DE CONTRIBUCIONES.

"Sería bueno liberalizar la ley general eximiendo a las nuevas industrias del pago de contribuciones por determinado período de tiempo. El inmenso beneficio derivado de las nuevas industrias establecidas en la Isla, es tan grande que el Gobierno bien puede ofrecer las más liberales condiciones para que se establezcan aquí.

"Un caso especial merecedor de vuestra consideración es el de la planta de refinar azúcar de la Mercedita. Esta nueva industria, que representa una gran inversión de dinero, es de tal importancia y

valor para la isla que el Gobierno debe estimularla hasta el mayor grado posible. Debe concedérsele una exención completa del pago de toda contribución por un período de tiempo liberal.

"Otro ejemplo de gran importancia es el proyectado establecimiento de una planta de Celotex en Puerto Rico. Esta representa la inversión de algunos millones de dólares y el empleo de centenares de obreros. Debe estimularse por todos conceptos y eximirla del pago de toda contribución durante un buen período de tiempo.

"Estos casos y otros parecidos pueden resolverse mediante legislación especial; pero tal vez fuera mejor liberalizar y hacer extensiva la ley general a ellos y a todas las demás industrias nuevas. Puede presumirse sin temor a equivocación que la pérdida de estas contribuciones quedará más que equilibrada por el mejoramiento general de las condiciones industriales de la Isla. Nada de lo que puede hacerse en este sentido sería de mayor beneficio que el establecimiento de nuevas industrias.

"Al redactar la ley tal vez sería mejor no extender la exención a los productos de estas industrias vendidos en Puerto Rico."

En 12 de mayo de 1927 la Legislatura enmendó nuevamente el artículo 2°. de la ley de 1917, promulgada en 1919 que había sido enmendada en 1925, y que entonces quedó redactado así:

"Dichas industrias, fábricas o factorías estarán exentas de toda clase de contribuciones que no sean las de renta interna sobre ventas, uso o consumo y la cuota de la Ley de Indemnizaciones a Obreros, durante un período que no exceda de diez años, como se determine por la Comisión de Servicio Público, cuyo término se contará desde la completa instalación de la fábrica o factoría; *Disponiéndose,* que cuando la nueva industria consistiere en someter a un nuevo proceso de purificación o refinación un producto elaborado en el país, la exención de contribución no comprenderá a dicho producto elaborado ni a los aparatos y establecimientos empleados para obtenerlo y se extenderá únicamente al nuevo proceso de refinación o purificación y a sus aparatos, establecimientos y productos; *Y disponiéndose, además,* que tal exención no comprenderá las contribuciones sobre ingresos (*income tax*) que deban imponerse de acuerdo con la ley, excepto en aquellos casos en que la petición para ser declarada industria nueva, hubiere sido presentada a la Comisión de Servicio Público antes del 20 de mayo de 1925, fecha en que fué enmendada esta Ley."

La enmienda que antecede concede la exención de las contribuciones sobre ingresos a las industrias nuevas cuya solicitud hubiere sido presentada antes del 20 de mayo de 1925, y esto se hace después de haber recomendado el Gobernador en su mensaje una exención completa a la refinería de azúcar del pago de toda contribución por un período liberal. En este caso la solicitud fué presentada antes de la fecha indicada. El demandado parece sostener que siendo nula la ley de 1917, promulgada en 1919, la solicitud referida no debió surtir efecto legal. Nada dice la parte apelada acerca del efecto que hayan podido producir las enmiendas de 1925 y 1927, reviviendo el artículo 2º de la ley en cuestión. En cuanto a la ley de 1931, el demandado arguye que ha debido alegarse la convalidación y la impugnación o no impugnación de los actos efectuados en virtud de la ley promulgada en 1919. A nuestro juicio, una vez alegado el acto, la convalidación del mismo es una cuestión de derecho que no necesita ser alegada.

La Ley No. 40, aprobada en 1930, es una ley nueva, completa, que prescinde de las anteriores y expresa con claridad el propósito de la Legislatura. El artículo 2º. de dicha ley dice así:

"Dichas industrias nuevas y sus edificios, maquinarias, materiales, franquicias, etc., y en general todos los bienes, derechos y privilegios pertenecientes a dichas industrias que sean necesarios para su trabajo y funcionamiento, estarán exentos de toda clase de contribuciones por un período que no exceda de diez años, según se determine por la Comisión de Servicio Público, cuyo término se contará desde la completa instalación industrial; *Disponiéndose,* que la exención no comprenderá la cuota de la Ley de Indemnizaciones a Obreros; Y *disponiéndose, además,* que los municipios quedan por la presente autorizados para conceder igual exención de licencias, patentes y arbitrios municipales a aquellas industrias que previamente fuesen declaradas industrias nuevas por la Comisión de Servicio Público, por un término que no exceda del concedido por dicha Comisión; *Disponiéndose,* que todas aquellas industrias que han sido declaradas industrias nuevas y cuya solicitud se hizo al amparo de la Ley número 92, promulgada en 31 de marzo de 1919, estarán exentas de la contribución sobre ingresos (*income tax*) desde su declaración de industria nueva;

pero no así aquéllas cuya solicitud y declaración de industrias nuevas fué hecha durante la vigencia de la Ley número 16, aprobada en 20 de mayo de 1925, y las que obtuvieren tal declaración en el futuro.''

En el artículo 3°. se dice que esta ley será aplicable a todas las industrias establecidas en Puerto Rico que ya han obtenido la exención de contribuciones.

El último *disponiéndose* del artículo 2°. es claro y no deja lugar a dudas. Arguye el demandado que la frase ''estarán exentas de la contribución sobre ingresos'' se refiere al porvenir y no al pasado. No concebimos cómo las palabras de la ley puedan ser susceptibles de esta interpretación, cuando expresamente se dice que estarán exentas de contribución desde su declaración de industria nueva. Entiende la parte apelante que la Legislatura no tiene facultades para modificar los términos de una concesión hecha por la Comisión de Servicio Público y que los términos de la resolución de 1926 no pueden ser alterados sin actuación ulterior de la referida Comisión, es decir, que la demandante no puede gozar de los beneficios de la ley sin acudir nuevamente a la susodicha Comisión pidiendo una ampliación de su exención de contribuciones para ajustarla a la nueva legislación.

La demandante no tiene necesidad de solicitar lo que la ley le concede. Si la exención de contribuciones sobre ingresos se extiende a todas las industrias declaradas nuevas, cuya declaración se hizo al amparo de la ley promulgada en 1919, y la demandante es dueña de una industria que obtuvo esta declaración al amparo de dicha ley, ¿para qué repetir nuevamente un acto que ha sido ya ejecutado y legalizado por leyes posteriores? La letra de la ley es tan clara que hiere la retina con la intensidad de su luz. La facultad de la Legislatura para decretar la exención es una cuestión que no admite dudas. La Comisión de Servicio Público ha sido creada por la Ley Orgánica; pero sus poderes en cuanto a las industrias que deben ser exentas de contribuciones emanan de la Legislatura de Puerto Rico. La exención y su alcance en cuanto a los bienes es función que corresponde

al poder legislativo. En este caso la Comisión de Servicio Público dijo ya todo lo que tenía que decir e hizo todo lo que tenía que hacer, y no hay necesidad de que la demandante dé ningún otro paso para gozar de la exención decretada por la Asamblea Legislativa. La ley habla por sí misma y para interpretar sus disposiciones no es necesario hacer ningún esfuerzo mental.

*Opinamos que la corte inferior no ha cometido los errores que se le atribuyen y que debe confirmarse la sentencia apelada.*